IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN W. OF THE GEIGER FAMILY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. CIV-26-00057-JD |
| RICHARD C. OGDEN, | ) ) ) |
| Defendant. | ) ) |

### ORDER

Before the Court is the Report and Recommendation ("R. & R.") of United States Magistrate Judge Suzanne Mitchell. [Doc. No. 6]. Plaintiff filed timely objections. [Doc. No. 7]. Upon review and consideration, the Court accepts the R. & R.

Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis* ("IFP"). [Doc. No. 2]. In accordance with 28 U.S.C. § 636, the Court referred the application to Judge Mitchell. [Doc. No. 3]. Judge Mitchell found that Plaintiff provided "incomplete information" about his financial situation in support of his application and ordered Plaintiff to "provide the Court with more detailed information about his financial situation, including any spousal or other sources of income[.]" [Doc. No. 4 at 2]. The Court provided Plaintiff with the forms necessary to comply with the order. [*Id.*]. In response to Judge Mitchell's order, Plaintiff filed an Affidavit of Indigency, in which he stated he is unable to pay the filing fee. [Doc. No. 5 at 1]. Judge Mitchell then issued the R. & R., recommending that the Court deny Plaintiff's IFP application and dismiss the

action without prejudice to refiling if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of Court within twenty-one (21) days of its order. [Doc. No. 6 at 4].

The R. & R. weighed the factors discussed in *Lister v. Department of Treasury* and *Brewer v. City of Overland Park Police Department* and concluded that they did not support granting Plaintiff's application. [*Id.* at 1–3 (citing *Lister*, 408 F.3d 1309, 1312 (10th Cir. 2005) and *Brewer*, 24 F. App'x 977, 979 (10th Cir. 2002))]. Specifically, the R. & R. found the following factors support denying Plaintiff's application: (1) that Plaintiff's case is likely to be frivolous because he is suing a judge who is immune to suits for money damages against him in his judicial capacity, (2) Plaintiff is not a prisoner, and (3) Plaintiff did not provide specific financial information about the amount of his income or the nature of his assets. [*Id.* at 2–4]. The R. & R. advised Plaintiff of his right to object by March 3, 2026, and that failure to file a timely objection would waive the right to appellate review of the factual and legal issues in the R. & R. [*Id.* at 4]. Plaintiff filed objections to the R. & R., which the Court will address below. [Doc. No. 7].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Court reviews de novo the objected-to portions of the R. & R. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The Court will construe Plaintiff's objections liberally because he is proceeding *pro se*, but the Court cannot serve as Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d

2

1106, 1110 (10th Cir. 1991).

Plaintiff first objects to the R. & R. on the basis that the Court assumes Defendant Richard Ogden is a judge. [Doc. No. 7 at 1–2]. The R. & R. does not assume Defendant is a judge but instead proceeds on the basis stated by Plaintiff in his complaint, in which Plaintiff identifies Defendant as a district judge. [Doc. No. 1 at 2]. The Tenth Circuit has indicated that "in order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. Accordingly, in assessing whether Plaintiff has asserted nonfrivolous arguments in support of his claims, the R. & R. examined his complaint and the factual allegations made therein, including that Defendant is a district court judge. Plaintiff also objects to the R. & R.'s conclusion that Plaintiff's claims are likely frivolous due to Defendant's judicial immunity on the basis that the R. & R. "assumes" Defendant is "a lawful judicial officer" acting "within lawful jurisdiction." [Doc. No. 7 at 2]. Again, the R. & R.'s basis for concluding Defendant is a judge is Plaintiff's own complaint. The R. & R. did not conclude that immunity would definitively apply but instead found Plaintiff's Complaint "likely to be frivolous." [Doc. No. 6 at 2]. Similarly, Plaintiff states that the R. & R.'s "frivolous determination" is premature. [Doc. No. 7 at 4]. To the extent Plaintiff disagrees with the determination, Plaintiff had the opportunity, via his objections, to argue why Defendant would not receive judicial immunity.

Plaintiff next objects to the R. & R.'s conclusion that "Plaintiff, through his vague statements, has not provided enough information to demonstrate he is financially unable

to pay the required filing fee. 28 U.S.C. § 1915(a)." [Doc. No. 6 at 4]. Plaintiff states that his affidavit is sufficient to establish his indigency. [Doc. No. 7 at 2]. As the R. & R. explained:

> In [his] affidavit, Plaintiff states he is unable to pay because he is either "unemployed or underemployed." He states he has insufficient assets but does not describe his actual assets. He admits he has an income but does not divulge the amount of his income. He merely explains he uses his income to pay for necessities. He implies he owns real property, stocks, bonds, or other liquid assets but it would be a hardship to sell them.

[Doc. No. 6 at 3 (internal citations omitted)]. In order to authorize Plaintiff to proceed IFP, the Court must consider an affidavit which complies with the requirements of 28 U.S.C. § 1915(a)(1), which requires "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." Plaintiff's affidavit fails to list his assets in a manner that the Court can sufficiently determine if he is unable to pay the filing fee. Instead, Plaintiff states he has income that he uses for basic necessities and that he does "not own any real property, stocks, bonds, or other liquid assets that could be sold to pay court costs without causing undue hardship." [Doc. No. 5 at 2]. Additionally, the Court previously ordered Plaintiff to disclose "more detailed information about his financial situation," including whether he has income from a spouse or other sources of income. [Doc. No. 4 at 2]. The Court also advised Plaintiff that he had not disclosed the amount of SNAP benefits he receives. [*Id.* at 1]. Plaintiff did not address these issues in his affidavit.

Plaintiff also objects to the R. & R. on the basis that Judge Mitchell lacks authority to rule on his IFP status. [Doc. No. 7 at 3]. As cited by Judge Mitchell in her R. & R., a

4

district judge has statutory authority to refer motions to magistrate judges for proposed findings of fact and recommendations of disposition. 28 U.S.C. § 636(b)(1)(B), (C). The Court then reviews the proposed findings of fact and recommendations in accordance with the standards outlined above and enters an order for final disposition of the motion. Plaintiff also questions Judge Mitchell's authority to request Plaintiff's financial information. [Doc. No. 7 at 3]. As outlined above, 28 U.S.C. § 1915(a)(1) requires Plaintiff to submit a statement of his assets. Courts typically require the affidavits to contain enough information for the Court to review the applicant's expenses and income. *Raynor v. Wentz*, 357 F. App'x 968, 969 (10th Cir. 2009) (unpublished) (concluding the district court did not abuse its discretion in denying IFP status because "the IFP motion contained almost no information that would allow it to properly review Plaintiff's expenses and income"). Judge Mitchell, therefore, was well within her authority to order Plaintiff to produce more information to support his IFP application.

In his objections, Plaintiff includes a "request for clarification regarding federal registration or disclosure requirements." [Doc. No. 7 at 3]. The Court is unclear regarding the exact nature of Plaintiff's request but does not interpret it as a relevant basis for objecting to the R. & R. Plaintiff also requests clarification regarding "the Magistrate Judge's ability to disclose certain records or information." [Doc. No. 7 at 4]. The purpose of allowing parties to file objections to magistrate judges' reports is to allow the district court to immediately correct errors in the report. *2121 E. 30th St.*, 73 F.3d at 1059. Thus, to the extent Plaintiff requests information from the Court, rather than disputes the findings and conclusions of the R. & R., those requests are improperly presented in

Plaintiff's objections. *See also* Fed. R. Civ. P. 7(b)(1).

For these reasons, the Court overrules Plaintiff's objections. Therefore, the Court ACCEPTS the Report and Recommendation [Doc. No. 6] and DENIES Plaintiff's IFP application [Doc. No. 2]. Pursuant to Local Civil Rule 3.3(e), the Court will dismiss this action without prejudice to refiling if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court within twenty-one (21) days of this order, or by **March 23, 2026**.

IT IS SO ORDERED this 2nd day of March 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE